**Richard B. GREENSTREET**

v.

**Ralph W. BROWN, et al.**

Supreme Judicial Court of Maine.

Argued March 5, 1993.
Decided April 21, 1993.

---

John Geary (orally), Portland and Richard A. Davis, So. Portland, for plaintiff.

Francis Jackson (orally), Jackson & Silverstein, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Ralph W. Brown and Gertrude G. Brown appeal from a judgment entered in the Superior Court (Cumberland County, *Lipez, J.*) after a nonjury trial awarding compensatory damages in the amount of $7,176.83 to Richard B. Greenstreet on his complaint alleging Ralph Brown's legal malpractice, breach of contract, and fraudulent conveyance of property to Gertrude Brown.[1] The Browns contend that the trial court erred in admitting certain evidence and in determining Greenstreet's damages, and that the evidence is insufficient to support the verdict. We affirm the judgment.

Based on the evidence before it, the trial court rationally could have found the following: Ralph Brown, an attorney, represented Greenstreet in a divorce action that resulted in a judgment providing, *inter*

---

1. Greenstreet amended his original complaint to name Ralph Brown's wife, Gertrude Brown, as a defendant, alleging that Ralph Brown had fraudulently conveyed his one-half interest in certain real property to Gertrude Brown. The Browns did not dispute before the trial court and do not dispute on this appeal that the conveyance was fraudulent should Ralph Brown be found liable to Greenstreet.

*alia,* that thereafter Greenstreet could deduct from his obligation to pay to his ex-wife $50,000 for her interest in the marital home the amount of the mortgage payments paid by him on that home. Greenstreet's ex-wife moved to amend the judgment to delete the deductibility provision. Ralph Brown failed to provide Greenstreet with a copy of the original divorce judgment, failed to notify Greenstreet about the motion to amend the judgment, did not oppose the motion, and did not appear at the hearing on the motion. After a hearing, the court granted the motion and amended the judgment accordingly. Greenstreet first learned about the amended judgment two years later when the marital home was sold. He promptly telephoned Brown to inquire about the events preceding the amended judgment. Brown replied that he had made a mistake by not opposing the motion to amend and that he would pay Greenstreet money to make amends for his conduct.

 The Browns first argue that evidence of Ralph Brown's admission to Greenstreet that he had made a mistake was admitted in contravention of the policy encouraging the settlement of disputes. They rely on the provision of M.R.Evid. 408(a) that evidence of "conduct or statements made in compromise negotiations is ... not admissible on any substantive issue in dispute between the parties." We have previously stated that we liberally construe the phrase "compromise negotiations" in order to cultivate the conditions that are conducive to settlement. *See Guy Gannett Pub. v. Univ. of Maine,* 555 A.2d 470, 472–73 (Me.1989). Neither an offer to compromise nor compromise negotiations may take place, however, in the absence of a dispute. The law maintains "no policy of encouraging compromises of undisputed claims. They should be paid in full." McCormick, *Evidence* § 274 at 811 (3d ed. 1984). *See Goon v. Gee Kung Tong, Inc.,* 544 A.2d 277, 281–82 (D.C.App.1988) (No dispute exists unless a party *purposefully* contests either the validity of a claim or the amount claimed.). "The determination of whether the statement was a part of compromise negotiations is exclusively for the

court under Rule 104." Field & Murray, *Maine Evidence* § 408.1 at 128 (2d ed. 1987). Here, Brown's statement informed Greenstreet for the first time about facts that *might* give rise to a claim. Since there is no evidence that a dispute existed about the validity of a claim or the amount claimed at the time of Brown's admission, the trial court properly admitted Brown's statement in evidence.

 The Browns also challenge the trial court's interpretation of the original divorce judgment, which it employed as a basis for determining the amount of Greenstreet's damages. The original judgment provided that Greenstreet's ex-wife had possession of the marital home from the date of the judgment until Greenstreet's payment to her of $50,000, representing her marital interest in the home. If Greenstreet made payment within six months, he could deduct from that amount any mortgage payments he made on the home from the date of judgment. It further provided that if Greenstreet did not make this payment within six months "the [marital home] shall be sold and payment made to [Greenstreet's ex-wife] ... *as aforesaid* from the proceeds of the sale." The trial court interpreted the words "as aforesaid" to incorporate the deductibility of mortgage payments provided by the first provision for payment to Greenstreet's ex-wife into that of the second. Accordingly, the court determined Greenstreet's damages to be the amount of the mortgage payments on the marital home made by Greenstreet from the date of the original judgment to the date of the sale of the premises. We find no error in the trial court's interpretation.

 The Browns next argue that the evidence was insufficient to support the finding that Ralph Brown's malpractice was the proximate cause of Greenstreet's damages. Proximate cause is a question of fact. *LaFerriere v. Paradis,* 293 A.2d 526, 528–29 (Me.1972). We will not disturb the trial court's finding of fact unless there is no competent evidence in the record to support it. *Hamm v. Hamm,* 584 A.2d 59, 62

(Me.1990). Brown contends that his conduct did not cause Greenstreet damages since the deductibility provision was improperly recited in the original divorce judgment. Competent evidence in the record, however, supports the conclusion that both Greenstreet and Brown understood the deductibility provision was properly incorporated into the original judgment. On the evidence before it the trial court rationally could find by a preponderance of the evidence that Ralph Brown's conduct was the proximate cause of damage to Greenstreet.

Because the Browns failed to offer any evidence at the trial that the mitigation of Greenstreet's damages was feasible, *see* *Lindsey v. Mitchell,* 544 A.2d 1298, 1301 (Me.1988), we find no merit in their present contention that the trial court erred in failing to consider mitigation of damages by Greenstreet.

The entry is:

Judgment affirmed.

All concurring.