1998 ME 141

**Nancy A. McPHERSON**

v.

**Steven W. McPHERSON.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1998.

Decided June 5, 1998.

Edward S. David (orally), Joyce, Dumas, David & Hanstein, P.A., Farmington, for plaintiff.

Karen E. Lipman (orally), Sumner H. Lipman, Lipman & Katz, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1]  Nancy McPherson appeals from the judgment of the Superior Court (Oxford County, *Saufley, J.*) denying her claims for negligence, assault and battery, and negligent infliction of emotional distress. These claims arise from her claim that her husband, Steven McPherson, infected her with a sexually transmitted disease he acquired through an extramarital affair. Steven cross-appeals, contending that three of the court's factual findings are not supported by the evidence. We disagree with both parties' contentions on appeal and affirm the judgment.

[¶ 2]  Nancy filed a complaint against Steven, after their divorce, claiming that he had infected her with a sexually transmitted disease, Human Papilloma Virus (HPV). Nancy alleged that Steven acquired HPV through a clandestine extramarital affair with Jane Doe. The complaint further alleges that Steven transmitted the disease to her, prior to their divorce, through sexual intercourse.

[¶ 3]  Following a jury-waived trial, the court made the following factual findings: that Nancy "has been and may still be infected with HPV"; that it is more likely than not that she was infected with HPV through sexual contact with another individual; that Steven was the only sexual partner that Nancy has ever had; and that it was more likely than not that Steven infected Nancy with HPV. The court also noted that, even though Steven did not then exhibit evidence of the HPV infection, "this is in no way proof that he is not now in a latent stage nor does it demonstrate or have any probative value as to whether or not he was a carrier" at the time he allegedly infected Nancy. The court found further that Steven had a sexual relationship with Doe, that he had sexual intercourse with Nancy after having intercourse with Doe, that he did not disclose his sexual relationship with Doe to Nancy, and that he took no steps to protect Nancy from possible infection with a sexually transmitted disease. Finally, the court found that Steven "did not know or have reason to know" that he might have HPV at the time he infected Nancy because he had no physical symptoms of HPV infection, he had no knowledge of any other partner having symptoms of HPV, and he had no medical diagnosis of any kind of a sexually transmitted disease.

[¶ 4]  Addressing Nancy's theory of negligence—that there is a duty to be sexually faithful in marriage and that breach of that duty is actionable where the breach leads to physical harm to the marital partner—the court found that this duty does not exist under Maine law. Having found no negligence on Steven's part, the court found that he could not be liable for negligent infliction of emotional distress. Regarding the assault and battery claim, the court concluded that the intercourse between Nancy and Steven from which she contracted HPV was consensual, and no assault and battery occurred. Finally, the court found that Steven's conduct did not rise to the level of intentional infliction of emotional distress. On appeal

Nancy challenges all of these conclusions except that relating to intentional infliction of emotional distress.

[¶ 5] Addressing first Steven's challenge to the court's factual findings, that issue does not warrant substantial discussion. In particular, Steven asserts that the court erred by finding that Nancy was infected with HPV, that Steven was infected with HPV, and that Steven engaged in sexual intercourse with Nancy after engaging in sexual intercourse with Doe. Contrary to Steven's contention that we should review these factual findings *de novo*, we review factual findings only for clear error. *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646. "A trial court's factual determinations are 'clearly erroneous' only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *Id.*, 687 A.2d at 646 (citation omitted). There is credible evidence on the record that supports all of the contested factual findings. Thus Steven's challenge to these factual findings is without merit.

[¶ 6] Turning to Nancy's novel theory of negligence, we must first determine whether a negligence action may be based on the transmission of a sexually transmitted disease, an issue of first impression in Maine. Courts have long imposed liability on individuals who have harmed others by transmitting communicable diseases. *See Berner v. Caldwell*, 543 So.2d 686, 688 n. 1 (Ala.1989) (surveying judgments from courts throughout the nation imposing liability for transmission of communicable diseases). Further, courts throughout the United States have recognized a cause of action for the negligent transmission of a sexually transmitted disease. *See, e.g., Doe v. Johnson*, 817 F.Supp. 1382 (W.D.Mich.1993) (AIDS); *Berner v. Caldwell*, 543 So.2d at 686 (genital herpes); *Kathleen K. v. Robert B.*, 150 Cal.App.3d 992, 198 Cal.Rptr. 273 (1984) (genital herpes); *Long v. Adams*, 175 Ga.App. 538, 333 S.E.2d 852 (1985) (genital herpes); *Meany v. Meany*, 639 So.2d 229 (La.1994) (genital herpes); *Stopera v. DiMarco*, 218 Mich.App. 565, 554 N.W.2d 379 (1996) (HPV); *M.M.D. v. B.L.G.*, 467 N.W.2d 645 (Minn.Ct.App.

1991) (genital herpes); *Maharam v. Maharam*, 123 A.D.2d 165, 510 N.Y.S.2d 104 (N.Y.App.Div.1986) (genital herpes); *Crowell v. Crowell*, 180 N.C. 516, 105 S.E. 206 (1920) (venereal disease); *Mussivand v. David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989) (venereal disease); *DeVall v. Strunk*, 96 S.W.2d 245 (Tex.Civ.App.1936) (crab lice); *Duke v. Housen*, 589 P.2d 334 (Wyo.), *cert. denied*, 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979) (gonorrhea).

[¶ 7] In his oft-cited opinion in *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99 (1928), Chief Justice Cardozo wrote, "[N]egligence, not at large or in the abstract, but in relation to the plaintiff, would entail liability for any and all consequences, however novel or extraordinary." *Id.* at 101 (citations omitted). We can conceive of no principled reason to distinguish the consequence suffered here by Nancy, infection with a disease, from any other physical harm that could befall a person because of the negligence of another, and for which we would recognize a cause of action in negligence. Accordingly, we join the many courts throughout the nation who recognize a cause of action for negligent transmission of a sexually transmitted disease.

[¶ 8] To prevail in a negligence action, the plaintiff has the burden of proving that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the plaintiff suffered an injury as a result of that breach. *Gayer v. Bath Iron Works Corp.*, 687 A.2d 617, 621 (Me.1996). Having already found Steven's challenge to the court's finding regarding Nancy's injury to be without merit, the central issue here is whether Steven owed Nancy a duty to protect her from infection with a sexually transmitted disease. The existence of a duty is a question of law, which we review *de novo*. *Id.*

[¶ 9] Nancy argues that there is a duty to be sexually faithful in marriage and that breach of that duty is actionable when it leads to physical harm to the marital partner. Surveying the many courts that have addressed this issue we find no support for Nancy's position. Courts have consistently

held that "one who has a contagious disease must take the necessary steps to prevent the spread of the disease." *Mussivand v. David*, 544 N.E.2d at 269. To be held liable in negligence for failure to take those steps, however, "it must be proved that the defendant knew of the presence of the disease." 39 Am.Jur.2d *Health* § 48 (1968). Courts dealing specifically with the issue of negligent transmission of sexually transmitted diseases have refined this standard. In perhaps the most frequently cited recent case to deal with the issue, *Berner v. Caldwell*, the Alabama Supreme Court held "that one who knows, or should know, that he or she is infected with [a sexually transmitted disease] is under a duty to either abstain from sexual contact with others or, at least, to warn others of the infection prior to having contact with them." *Berner v. Caldwell*, 543 So.2d at 689; *see Meany v. Meany*, 639 So.2d at 235; *Mussivand v. David*, 544 N.E.2d at 270; *Lockhart v. Loosen*, 943 P.2d 1074, 1080 (Okla.1997); *Howell v. Spokane & Inland Empire Blood Bk.*, 117 Wash.2d 619, 818 P.2d 1056, 1059 (1991).

[¶ 10] This articulation of the duty standard is consistent with the longstanding position of this court. *See generally MacDonald v. Hall*, 244 A.2d 809, 814 (Me.1968) ("The duty of taking care, ... presupposes knowledge or its equivalent. The knowledge may be actual or that with which he is reasonably chargeable, by reason of events which could be foreseen or reasonably anticipated."); *American Lumber Sales Co. v. Fidelity Trust Co.*, 127 Me. 65, 72, 141 A. 102, 105 (1928) ("There can be no neglect to perform a duty unless the person sought to be charged with negligence has knowledge of the condition of things which requires performance at his hands.").

[¶ 11] Accordingly we hold that one who knows or should know that he or she is infected with a sexually transmitted disease is under a duty to protect sexual partners from infection. The court found that Steven "did not know or have reason to know" that he had HPV at the time he infected Nancy. Nancy does not challenge this factual finding. Thus, Steven has not breached any legal duty to Nancy and he cannot be held liable to her in negligence. Because Steven was not negligent, he also may not be held liable for negligent infliction of emotional distress.

[¶ 12] Nancy also challenges the court's judgment with regard to the assault and battery claim. The court found that no assault and battery occurred because the sexual intercourse between Steven and Nancy was consensual. She argues that her consent to have sexual intercourse with Steven was vitiated by the fact that he failed to inform her of his extramarital affair.

[¶ 13] "One who effectively consents to conduct of another intended to invade his interests cannot recover in an action of tort for the conduct or for harm resulting from it." RESTATEMENT (SECOND) OF TORTS § 892A(1) (1977). Consent may be vitiated, however by misrepresentation;

> If the person consenting to the conduct of another is induced to consent by a substantial mistake concerning the nature of the invasion of his interests or the extent of the harm to be expected from it and the mistake is known to the other or is induced by the other's misrepresentation, the consent is not effective for the unexpected invasion or harm.

*Id.* § 892B(2). By way of illustration, the Restatement provides: "A consents to sexual intercourse with B, who knows that A is ignorant of the fact that B has a venereal disease. B is subject to liability to A for battery." *Id.* § 892B(2) cmt. e, illus. 5.

[¶ 14] Nancy argues only that Steven misled her concerning his fidelity. Given the court's finding that Steven neither knew nor should have known of his infection with HPV, however, Nancy cannot argue that Steven misled her "concerning the nature of the invasion of [her] interest or the extent of the harm to be expected" therefrom. If the defendant, ignorant of the fact that he was infected with a sexually transmitted disease, has sexual intercourse with the plaintiff, "the defendant will not be liable, because the plaintiff consented to the kind of touch intended by the defendant, and both were ignorant of the harmful nature of the invasion." PROSSER & KEETON, THE LAW OF TORTS § 18 at

119 (5th Ed.1984); *see Hogan v. Tavzel,* 660 So.2d 350 (Fla.Dist.Ct.App.1995). Thus, Steven may not be held liable for assault and battery.

The entry is:

Judgment affirmed.