Luella S. CHRISTOPHER, Appellant,

v.

William J. BETHUNE, Appellee.

No. 96–CV–428.

District of Columbia Court of Appeals.

Argued April 6, 1999.
Decided March 30, 2000.

Luella S. Christopher, pro se.

Matthew W. Lee, Fairfax, VA, with whom Jeffrey J. Hines, was on the brief, for appellee.

Before SCHWELB and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM.

Appellant Luella S. Christopher filed a claim of legal malpractice against appellee William J. Bethune. The trial court granted Bethune's motion for summary judgment, and dismissed the action with prejudice. Christopher appealed. We reverse and remand for trial.

In 1983, Christopher filed suit, *pro se*, against Donohoe North Capitol, Inc., La-Vay North Capitol, Inc., and Donohoe Construction Co., alleging breach of implied and express warranties concerning the construction of a condominium that Christopher purchased in 1981. Eventually, Christopher retained Bethune, who entered his appearance in Christopher's case in 1988.

Some three years thereafter, trial began in January 1992. On January 29, 1992, the jury returned a verdict in favor of Christopher on the claim of breach of implied warranty, but in favor of the defendants on the breach of express warranty claim.

Christopher alleges that after the verdict was rendered, Bethune admitted to her that he "screwed up" both in preparing for, and in the conduct of, the breach of warranty trial. On February 3, 1995, Christopher filed a claim against Bethune alleging legal malpractice. Specifically, Christopher alleged that Bethune failed: (1) to advance her case for a number of years; (2) to prepare adequately for trial; (3) to negotiate an equitable settlement; (4) to petition the trial court for attorney's fees and costs; (5) to turn over uncashed witness fees and case files; and (6) to protect her rights to relief on the merits of all counts and object to a jury award completely disproportionate to the injury done.

The trial court issued a scheduling order for the present case on May 5, 1995, establishing July 5, 1995 as the date for the parties to file a statement concerning the experts expected to testify pursuant to Super. Ct. Civ. R. 26(b)(4)(A)(i) ("R. 26(b)(4) statement"). Christopher filed her R. 26(b)(4) statement; however, the trial court found her statement to be inadequate. The trial court extended the deadline for Christopher to file her R. 26(b)(4) statement to October 30, 1995. Christopher filed a second R. 26(b)(4) statement on that date.

After Christopher filed the second R. 26(b)(4) statement, Bethune filed a motion for summary judgment, contending, *inter alia*, that Christopher had failed to retain the experts she identified in her statement. Christopher had identified a person she expected to testify as an expert, but admitted that she had not yet paid her expert. The trial court granted Bethune's motion for summary judgment on February 29, 1996.

On appeal, Christopher contends, *inter alia*, that the trial judge erred in finding her Rule 26(b) affidavits insufficient and in requiring Christopher to have retained the experts. Indeed, most of the parties' briefing is addressed to these contentions. We need not reach these issues, however, because, applying the well-established summary judgment standard, *see* Super. Ct. Civ. R. 56; *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C.1994) (en banc), we are satisfied that the judgment must be reversed on other grounds. Specifically, we conclude that even in the absence of expert testimony, evidence of admissions by Bethune that he "screwed up" both in the preparation of his client's case and in the conduct of the trial is sufficient to defeat Bethune's motion for summary judgment.[1] *See, e.g., Greenstreet v.*

---

1. In her answers to interrogatories, Christopher spelled out a number of specific admissions allegedly made by Bethune. These admissions included the following, among many others:

    1. Bethune admitted that he failed to file a timely pretrial statement; this failure, according to Christopher, required a lengthy delay in the trial which seriously interfered with Christopher's professional commitments;

    2. Bethune admitted that he was "not in proper command of the case" when it went to trial;

*Brown,* 623 A.2d 1270, 1272 (Me.1993) (attorney's admission of error admissible in evidence when not made during compromise negotiations); 4 RONALD E. MALLEN & JEFFREY M. SMITH, LEGAL MALPRACTICE § 32.14, at 195–96 (4th ed.1996); *but cf. Smith v. Lewis,* 13 Cal.3d 349, 118 Cal. Rptr. 621, 530 P.2d 589, 599 (1975) (en banc) (evidence of attorney's acknowledgment of mistake excluded as analogous to offers of compromise and subsequent remedial conduct). Viewing Bethune's admission in the light most favorable to Christopher, *see Colbert, supra,* 641 A.2d at 472, a genuine issue of material fact is presented as to whether Bethune was negligent, and Christopher is entitled to a trial on the merits.

*Reversed and remanded.*

3. Bethune admitted that he had not adequately reviewed materials that Christopher presented to him relating to the defective work done by the defendant;

4. Bethune admitted that he failed to present key medical testimony and other important testimony at the trial.

Viewed in the light most favorable to Christopher, these admissions indicate that Bethune was unprepared at trial and presented a deficient case.