**Pam HAMBLEN**

v.

**Richard DAVIDSON.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 8, 2000.

Permission to Appeal Denied by Supreme Court May 14, 2001.

David L. Hamblen, Union City, for appellant, Pam Hamblen.

Damon E. Campbell, Union City, for appellee, Richard Davidson.

## OPINION

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS and FARMER, joined.

This appeal arises from a personal injury suit in which Plaintiff alleged that her ex-husband had negligently infected her with the virus which causes genital herpes. The trial court granted Defendant's motion for summary judgment, finding that: (1) the one-year statute of limitations, T.C.A. § 28–3–104, barred Plaintiff's claim; (2)

Plaintiff failed to establish that Defendant knew or should have known he had herpes, and owed her a duty to warn her of his condition; and (3) Plaintiff failed to establish that she contracted the virus from Defendant. Plaintiff appeals.

Plaintiff, Pam Hamblen, sued her ex-husband, Defendant, Richard Davidson, for damages resulting from his negligence in infecting her with the genital herpes virus. From the order of the trial court granting defendant summary judgment, plaintiff appeals. The trial court granted Defendant's motion for summary judgment on the grounds that: (1) the one-year statute of limitations barred Plaintiff's claim; (2) Plaintiff failed to show that Defendant knew or should have known he was infected with the virus which causes genital herpes and therefore owed Plaintiff a duty to warn her of his condition; and (3) Plaintiff failed to prove that Defendant's actions were the proximate cause of her injuries.

On March 11, 1997, Plaintiff Pam Hamblen and her husband, Defendant Richard Davidson, divorced after 22 years of marriage. In October of 1996, Plaintiff discovered that her husband had been involved in an extramarital relationship since October of 1994. Between 1995 and 1997, Plaintiff experienced three "rashes" in her genital tract which she testified were not "severe enough" to cause her concern. Plaintiff's physician, Dr. Robert Cameron, testified at his deposition that rashes of the kind Plaintiff experienced are not uncommon in women, and may be caused by a number of things, including use of deodorants, soaps, perfume, or even wearing tight clothing.

At the time she experienced the first rash, Plaintiff discussed it with Defendant. Plaintiff also testified that, approximately a week and a half before the initial rash, she observed Defendant "doctoring" a similar rash on his penis. At that time, Plaintiff claims Defendant told her he had poison ivy, which he explained he must have gotten when he was golfing, and that he transferred the poison ivy from his hands to his penis when he relieved himself in the woods. Since Defendant often got poison ivy on his outings with the couple's son, Plaintiff testified she did not question Defendant's explanation of the rash. Plaintiff also testified that, on another occasion, she observed a red spot on Defendant's penis, which Defendant claimed was a "scratch."

Several weeks after she discovered that Defendant was engaging in extramarital relationships, Plaintiff asked her physician to give her an AIDS test. The results of that test were negative, and Plaintiff testified that she did not investigate the possibility that she had any other sexually transmitted diseases ("STD's") at that time because she was not "knowledgeable enough" about them. It was not until September, 1997, after seeing a television program on herpes, that Plaintiff approached her physician regarding the rashes. Plaintiff's physician told her to return if she had another rash, and in November of 1997, Plaintiff tested positive for the virus which causes herpes.

Plaintiff has only had one other sexual partner, Mark McCullough. Plaintiff testified that she engaged in sexual intercourse with Mr. McCullough one time in 1973, before her marriage to Defendant. Mr. McCullough tested positive for herpes simplex virus I and negative for herpes simplex virus II. The parties presented conflicting evidence regarding the significance of the different forms of the herpes virus. Defendant argued that the two forms of the virus are essentially the same, and that Plaintiff could have contracted the virus from her sexual contact with Mr. McCullough. Plaintiff presented evidence that it is unlikely she has the herpes simplex I

virus, because that type of virus usually is only associated with blisters on the lips. Plaintiff's physician testified that the type I virus could only cause sores below the waist if an individual infected with the virus touched the sores on his lips to the genital area of another person. Plaintiff claims that, since she never engaged in any type of oral sex with Mr. McCullough, he cannot be the source of her infection.

Plaintiff sued her husband for negligence in infecting her with the herpes virus, alleging that he had a duty to refrain from any conduct which could cause her injury. Plaintiff claims that, even if Defendant did not know he had a communicable venereal disease, Defendant owed her a duty to warn her that he was engaged in an extramarital affair and could potentially be exposing her to risk. The trial court, in granting Defendant's motion for summary judgment, found that the Plaintiff should have known that she had herpes in October, 1996. The court also found that Defendant did not owe Plaintiff a duty to warn because the evidence did not show that Defendant knew or should have known he had a venereal disease. Finally, the court found that Plaintiff did not present sufficient evidence to show that, even if such a duty existed, the Defendant was the source of her herpes infection.

The issues presented in this appeal are:

1. Whether the statute of limitations barred Plaintiff's claim for negligent transmission of the herpes virus.

2. Whether the Defendant had a duty to prevent transmitting herpes to Plaintiff if he knew or should have known he was infected with the herpes virus.

3. Whether Plaintiff has carried her burden in showing that Defendant's breach of the duty to prevent transmission was the proximate cause of her herpes infection.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210–11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v.*

*Estate of Kirk,* 954 S.W.2d 722, 723 (Tenn. 1997).

*Statute of Limitations*

■ The first issue for review is whether the trial court erred in granting summary judgment for Defendant based upon the one-year statute of limitations in personal injury cases. Under T.C.A. § 28–3–104 (Supp.1999), actions for personal injuries must be brought within one year after the cause of action accrues. As we noted in *Craig v. R.R. Street & Co., Inc.,* 794 S.W.2d 351, 355 (Tenn.Ct.App. 1990), the determination of when a cause of action accrues is problematic. Although the cause of action "generally accrues when the tort is complete and injury to the plaintiff has occurred ... [i]n certain tort actions ... the accrual of the cause of action is deferred until the injury is discovered or in the exercise of reasonable care and diligence, the injury should have been discovered." *Hunter v. Brown,* 955 S.W.2d 49, 51 (Tenn.1997) (citations omitted). The discovery rule only applies in cases where the plaintiff does not, and cannot reasonably be expected to, discover the harm giving rise to the cause of action. *Potts v. Celotex,* 796 S.W.2d 678, 680 (Tenn.1990). The rule only tolls the statute of limitations as long as the plaintiff had no knowledge of the injury and "as a reasonable person was not put on inquiry." *Id.* at 681. The requirement that a plaintiff exercise "reasonable care and diligence" is consonant with the purpose of statutes of limitation: fairness to defendants in preventing "stale" claims. It is with these considerations in mind that we address the issue of whether summary judgment based upon the statute of limitations was proper in this case.

■ Plaintiff asserts that she was not aware that she had herpes prior to November 6, 1997, when she tested positive for the herpes virus. Defendant argues that a reasonable person in Plaintiff's position would have discussed the possibility of sexually transmitted diseases with her physician at the time she was tested for AIDS on October 31, 1996. Defendant, therefore, claims that the one-year statute of limitations under T.C.A. § 28–3–104 runs from October 31, 1996, and that recovery for personal injuries in the complaint filed on October 15, 1998 is barred.

In *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246 (Tenn.Ct.App.1980), we addressed a similar case involving the discovery rule in the context of a motion to dismiss. The plaintiff in *Sullivant* alleged that the defendants' negligence in remedying damp living conditions in her condominium exacerbated her asthma. In that case, we wrote:

> The defendants argue that the complaint states that [plaintiff] began to have an increase in asthmatic attacks about September 1, 1977 ... and that the one year statute of limitations ... runs from that date. Hence, defendants contend that the recovery for personal injuries based on a complaint filed in November of 1978, was barred. This is nothing more than an assertion that plaintiff should have known on September 1, 1977, that her injuries were a result of the defendants' actions. Perhaps she should have. Perhaps not. In either event, it is not for counsel or Court to decide that fact on motion to dismiss.... *Whether or not Willola Sullivant exercised reasonable care and diligence to discover that she had a compensable injury is a fact for a jury to determine.*

605 S.W.2d at 249 (emphasis added).

The same reasoning is applicable in the case at bar. Plaintiff here argues that she had no reason to believe that the minor genital rashes she was experiencing were

in any way related to her husband's infidelity. Plaintiff presented evidence that this type of rash can be caused by many different factors, and that she was unfamiliar with the symptoms associated with the herpes virus. Plaintiff also presented evidence that she did inquire as to the rash on Defendant's penis, but that she no reason to doubt Defendant's explanation that the rash was caused by poison ivy. Evidence in the record does show that the Plaintiff was familiar with the risks associated with the virus which causes AIDS, and that Plaintiff sought medical advice without delay in light of that risk. Construing this evidence in the light most favorable to Plaintiff, we find that the Defendant did not meet his burden of showing that no material issue of fact exists as to whether Plaintiff exercised reasonable diligence. We hold, therefore, that whether the Plaintiff exercised due diligence in this case is a matter of fact for the jury to decide.

*Defendant's Duty*

Whether a plaintiff states a claim for negligent transmission of a venereal disease is apparently an issue of first impression in Tennessee.[1] However, it appears that all the jurisdictions which have considered the issue have held that both married and unmarried sexual partners may be liable to each other for transmitting diseases such as the virus which causes herpes. *See, e.g., Meany v. Meany*, 639 So.2d 229 (La.1994) (herpes); *McPherson v. McPherson*, 712 A.2d 1043 (Me.1998) (venereal warts); *B.N. v. K.K.*, 312 Md. 135, 538 A.2d 1175 (1988) (herpes); *R.A.P. v. B.J.P.*, 428 N.W.2d 103 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Oct. 19, 1988) (herpes); *Stafford v. Stafford*, 726

S.W.2d 14 (Tex.1987) (venereal disease); *Mussivand v. David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989) (herpes).

■ As with any negligence claim, a plaintiff alleging damages from negligent transmission of a disease must establish the traditional elements of a negligence claim. Those elements are: (1) the existence of a legal duty; (2) breach of that legal duty; (3) an injury to the plaintiff; (4) causation in fact; and (5) proximate or legal causation. *See Roe v. Catholic Diocese of Memphis, Inc.*, 950 S.W.2d 27, 31 (Tenn.Ct.App.1996). Whether a legal duty exists in any negligence action is a question of law for the court to decide. *See Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn.1996).

In *Bradshaw v. Daniel*, 854 S.W.2d 865 (Tenn.1993), our Supreme Court said:

> The existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court. Prosser § 37 at 236; *Glenn v. Conner*, 533 S.W.2d 297, 302 (Tenn.1976); *Dooley v. Everett*, 805 S.W.2d 380, 384 (Tenn.App.1990). In determining the issue, a court should consider
>
>> ... whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others— or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant. This is entirely a question of law to be determined by refer-

---

1. We note, however, that this is not the first case involving alleged transmission of herpes between spouses in Tennessee. In the case of *Wilkinson v. Wilkinson*, 1999 WL 969698 (Tenn.Ct.App.1999), the Middle Section af-

firmed the trial court's grant of summary judgment in favor of the defendant ex-husband when his blood tests came back negative for the herpes virus.

ence to the body of statutes, rules, principles and precedents which make up the law; and it mu be determined only by the court. . . . A decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant. A decision that if certain facts are found to be true, a duty exists, leaves open the other questions now under consideration [concerning the existence of negligence].

*Lindsey,* 689 S.W.2d at 859, quoting Prosser § 37 at 236.

*Id.* at 869–70.

■ The key to determining whether the duty exists is the foreseeability of the harm to the injured party. If a reasonable person would not have foreseen the harm, then there is no duty of care, regardless of whether the defendant's act caused harm to the plaintiff. *See Eaton v. McLain,* 891 S.W.2d 587, 594 (Tenn.1994). "The pertinent question is whether there was any showing from which it can be said that the defendants reasonably *knew or should have known* of the probability of an occurrence such as the one which caused plaintiff's injuries." *Doe v. Linder Constr. Co.,* 845 S.W.2d 173 (Tenn.1992) (emphasis added). It is with this analysis in mind that we join the majority of states who have addressed the issue and hold that an individual who knows or should know he has a venereal disease has a legal duty to use reasonable care in preventing the disease's transmission. *See, e.g., Meany,* 639 So.2d at 235; *McPherson,* 712 A.2d at 1046; *M.M.D. v. B.L.G.,* 467 N.W.2d 645, 647 (Minn.Ct.App.1991). *rev. denied* (Minn. May 23, 1991).

■ The level of knowledge required to trigger the duty to avoid exposing others to a disease is dependent upon the particular facts involved in each case. In *M.M.D.,* the Court of Appeals of Minnesota held that the duty to prevent transmission "may arise where a person does not have medical confirmation that the disease has been contracted." 467 N.W.2d at 647. In that case, the Minnesota Court of Appeals found such a duty existed based on the observation that "a reasonable person should know an acne-type condition on the genitals could be communicated to others through sexual contact." *Id.* In *Meany v. Meany,* the Supreme Court of Louisiana wrote:

Certainly, the presence of open, oozing genital sores indicates a serious problem, whether or not a diagnosis exists. If a defendant has experienced such an attack ... he would likely be deemed by the courts to possess the requisite knowledge, whether or not an actual diagnosis could be proved.

639 So.2d at 234. The *Meany* court went on to say that an individual has a duty to refrain from sexual contact or warn of his symptoms if he knows or suspects that he has symptoms "suggesting any kind of venereal disease." *Id.* at 236.

■ Based upon the evidence in the case at bar, and construing that evidence in the light most favorable the Plaintiff, there is, at the very least, a genuine issue of material fact as to whether the Defendant knew or should have known he had herpes or any other sexually transmitted disease. If so, he owed the Plaintiff a duty to prevent the transmission of the virus to her. The record indicates that the Defendant had engaged in at least one extramarital sexual relationship and had unprotected sex. The record also indicates that the Defendant had a "scratch" and a rash on his genitals at various times after he began having extramarital sex. Whether this evidence is sufficient to show that Defendant knew or should have known he had herpes

is a question for a jury to decide. We hold only that the evidence is sufficient for the purposes of summary judgment.

*Causation*

 The final issue in this case is that of causation. Causation, or cause in fact, concerns the relationship between the defendant's conduct and the plaintiff's injuries. *See Kilpatrick v. Bryant,* 868 S.W.2d 594, 598 (Tenn.1993). The inquiry is whether the defendant's conduct caused the harm to plaintiff. *See Quaker Oats Co. v. Davis,* 33 Tenn.App. 373, 232 S.W.2d 282, 294 (1949). This inquiry is one for the jury to determine, "unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Roe v. Catholic Diocese of Memphis, Inc.,* 950 S.W.2d 27, 31 (Tenn. Ct.App.1996).

This Court has noted that a jury may infer a causal connection through the use of circumstantial evidence, expert testimony or both. *See Quaker Oats,* 33 Tenn.App. 373, 232 S.W.2d 282 at 294. Similarly, Courts addressing the issue of negligent transmission of the herpes virus have recognized that expert testimony is not required to establish causation. In *M.M.D. v. B.L.G.,* 467 N.W.2d 645, 647 (Minn.Ct. App.1991), the Court of Appeals of Minnesota noted that the "causation of herpes is not beyond the average person's knowledge," and that the inability of a medical expert to state with a "reasonable degree of medical certainty" that the defendant is the cause of the plaintiff's infection is not fatal to the jury's ability to determine causation.

 Defendant argues that Plaintiff failed to establish that he was the source of her herpes. In support of this claim, Defendant points to evidence that the Plaintiff engaged in sexual relations with Mr. McCullough at a graduation party in 1973. Defendant argues that, because Mr. McCullough has also tested positive for the virus which causes herpes, and that Plaintiff failed to present any "competent medical evidence," Plaintiff has failed to establish that Defendant is the source of her herpes infection. We respectfully disagree.

As noted earlier, the Minnesota Court of Appeals in *M.M.D. v. B.L.G., supra,* held that expert testimony was not necessary to establish causation. Given the evidence in the record that genital herpes is transmitted by sexual activity, we believe that the holding of the Minnesota Court would apply equally in Tennessee. In the instant case, the Plaintiff did present evidence, including medical evidence, which viewed in the light most favorable to her, could create an inference that Defendant was the cause of her herpes. The Plaintiff here presented uncontroverted evidence that she was married to Defendant for twenty-two years and that, during that time, she did not engage in sexual relations with anyone except her husband. The Plaintiff also testified that she has not been sexually involved with anyone since her marriage ended. The record also contains uncontroverted testimony that the Plaintiff never exhibited the symptoms of herpes until 1995, a year after Defendant began his extramarital relationship with Ms. Greene.

Although Plaintiff does not deny that she engaged in sexual intercourse with Mr. McCullough prior to her marriage, Plaintiff presented evidence that Mr. McCullough tested positive for the herpes simplex I virus, which is normally associated with fever blisters rather than venereal outbreaks. Although there is conflicting evidence regarding the different types of the herpes simplex virus, whether the Plaintiff could have contracted the virus from a source other than the Defendant is

a question of fact for a jury to decide and was not a proper issue for summary judgment.

*Conclusion*

Based on the evidence in the record, we hold that there are genuine issues of material fact for a jury to resolve, and that the trial court erred in granting summary judgment in this action. Accordingly, the order of the trial court is reversed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the appellee, Richard Davidson.