STATE OF MAINE

SOMERSET, ss.

MELISSA SAVILLE,

     Plaintiff

v.

ROGER P. SAVILLE,

     Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-012
DHM - SOM - 1/4/2001

DECISION AND ORDER

This matter is before the court on defendant Roger P. Saville's Rule 76D appeal of the judgment of the District Court. Under date of February 14, 2000, the District Court issued its order on plaintiff's first motion for contempt. The District Court found that an order for protection and a child support order was issued by that court on August 19, 1999. The child support order included a finding that the annual gross income of the defendant was $27,000. The child support order directed the defendant to pay the plaintiff $110 per week toward the support of two children with payments to commence on August 27, 1999. Defendant made only one payment in the amount of $46.88 toward the child support since the order was issued. The District Court found that the defendant owes the plaintiff the sum of $2,593.12 in child support arrears and $86.72 interest on said arrears to and including February 4, 2000.

At the hearing, the District Court found that the original support order's findings pertaining to the defendant's earning potential created a presumption that he currently could earn $27,000 per year. Also, the court found that evidence

adduced at the motion for contempt hearing supported this presumption, and that he was currently able to pay a portion of the child support agreement when he paid nothing, and that he was voluntarily under-employed. The court concluded that the defendant had the ability to pay child support as well as the arrears at the rate of $10 per week.

The defendant appeals the District Court order and alleges that it erred in finding that his ability to pay was the same at the time of the contempt proceeding as it was at the time the child support order was issued. Defendant further argues that the court erred in conducting what he describes as a cross-examination of him.

An appeal taken from the District Court shall be on questions of law only and findings of fact of the District Court shall not be set aside unless clearly erroneous. M.R. Civ. P. 76D. "A trial court's factual findings are clearly erroneous only if there is no credible evidence on the record to support them, or if the court bases its findings of fact on a clear misapprehension of the meaning of the evidence." *White v. Zela*, 1997 ME 8, ¶ 3, 687 A.2d 645, 646 quoted in *McPherson v. McPherson*, 1998 ME 141, ¶ 5, 712 A.2d 1043, 1045.

The defendant makes three separate but fundamentally similar arguments which question the factual bases upon which the court concluded that he has the ability to earn $27,000 per year and therefore make payments under the child support order. First, the defendant argues that in a contempt proceeding the court must determine that the defendant has the ability to comply with the order. In fact, the District Court properly recited the applicable law in this regard which also

2

commands that when the violated order itself contains an implicit finding of the ability to comply at the time the order issued, there arises a presumption that the defendant is also presently able to comply. The presumption is rebuttable and the ultimate burden, as always, remains with the plaintiff. *Mitchell v. Flynn*, 478 A.2d 1133, 1135 (Me. 1984). In this case, the presumption has been created by the child support order which made the original finding that the defendant had the ability to earn $27,000 per year. Based on a myriad of factors, including the local and national economy and Roger Saville's educational background, which includes an undergraduate degree in the liberal arts, the District Court concluded that he, in fact, had the ability to pay the child support and was therefore in contempt for paying only $46.88 toward the child support since it went into effect. To find otherwise, this court must determine that the conclusion of the District Court was based on no competent evidence whatever. Instead, there is more than sufficient evidence to affirm the legal conclusions of the District Court. It is of no import whether this court would have ruled differently on the same evidence.

In addition to his factual challenges, the defendant further argues that the court improperly interposed itself as an ally to the plaintiff and cross-examined the defendant. The court's questions, even if one could characterize them as part of a cross-examination, is expressly allowed under the Maine Rules of Evidence. M.R. Evid. 614 (b). Rule 614 (b) states that "[t]he court may interrogate witnesses, whether called by itself or by a party."

3

For reasons recited herein, the entry will be:

Defendant's appeal is DENIED; this matter is REMANDED to the District Court.

Dated: January 4, 2001

Donald H. Marden
Justice, Superior Court

Date Filed __09/21/00__ ___Somerset___ Docket No. __AP-00-012__
County

Action __Appeal of District Court Civil Action__

| | | |
|---|---|---|
| Melissa Saville | vs. | Roger P. Saville |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Paul Sumberg, Esq.<br>PO Box 9<br>Skowhegan ME   04976<br>Tel: #474-3324<br>Bar: #7230 | Wm. Thomas Hyde, Esq.<br>PO Box 3100<br>Skowhegan ME   04976<br>Tel: #474-3345<br>Bar: #888 |

| Date of Entry | |
|---|---|
| 09/26/00 | The following documents were received and filed from the 12th District Court under Notice of Appeal:<br>1 - Statement Concerning Public Assistance<br>2 - Protection Order Service Information<br>3 - Complaint for Protection from Abuse<br>4 - Summons Protection Order<br>5 - Temporary Order for Protection and Notice of Hearing<br>6 - Temporary Order for Protection and Notice of Hearing with attachments<br>7 - Child Support Worksheet<br>8 - Immediate Income Withholding Order<br>9 - Child Support Order<br>10 - Order for Protection<br>11 - Order for Protection<br>12 - Child Support Affidavit<br>13 - Plaintiff's First Motion for Contempt<br>14 - Order<br>15 - Exhibits<br>16 - Plaintiff's First Motion for Contempt with Exhibit 1<br>17 - Subpoena for Hearing on Motion for Contempt<br>18 - Return of Service<br>19 - Order on Plaintiff's First Motion for Contempt<br>20 - Notice of Appeal<br>21 - Transcript Order<br>22 - Letter to Mr. Hyde from Gayle Kinney<br>23 - All Correspondence<br>24 - Original Transcript taken on February 4, 2000<br>25 - District Court Docket Entries<br><br>Notice and Briefing Schedule forwarded to Paul Sumberg, Esq. and Wm. Thomas Hyde, Esq. on this day. |
| 10/27/00 | Defendant's Brief on Appeal received and filed 10/25/00. |