STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
CUMBERLAND, ss.                                   DOCKET NO. CV-03-033
                                                  RAC - C I /,I   I2 / /

LAURENCE H. LEAVITT

        Plaintiff

                        STATE OF MAINE
                     Cumberland, ss, Clerk's Office
   v.                   SUPERIOR COURT              ORDER
                          DEC 11 2003
WALTMAN & COMPANY, INC.,                           DONALD L.
                                                        LA
        Defendant        RECEIVED
                                                   JA 2 1 20(

        Before this court is Defendant, Waltman & Company, Inc.'s Motion for Summary

Judgment, pursuant to M. R. Civ. P. 56.

                                    **FACTS**

        On or about January 15, 1998, Plaintiff Laurence H. Leavitt retained Defendant,

Waltman & Company, Inc. as a general contractor for the construction of Plaintiff's new

primary residence.  Pursuant to the agreement between the parties, Defendant was

responsible for constructing all components of the new residence except those items

that were left by agreement to be the responsibility of the Plaintiff.  These included,

hiring independent contractors to install the flooring.  Accordingly, Plaintiff hired Rob

Romano, a tile installer, to install stone tiles in various rooms in the home.  Finally, in

September 1998, construction of the premises was substantially complete and Plaintiff

moved into the residence.

        In the spring of 1999, Plaintiff noticed the appearance of cracks in the stone tiles

in the kitchen and the main foyer.  Consequently, Plaintiff retained an engineer, Mr.

Alexander Hutcheon, to examine the cause of the cracking.  Mr. Hutcheon determined

that the cracks were the result of shrinkage of the underlayment and the subfloor, after

the tiles were installed. Because of these events, Plaintiff filed a Complaint on December 13, 2002. In response, on September 11, 2003, Defendant filed a Motion for Summary Judgment.

## DISCUSSION

When reviewing motions for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c), (h)). In making this determination, this court will view the facts in a light most favorable to Plaintiff, the non-moving party. Mahar v. Stonewood Transp., 2003 ME 63, ¶ 8, 823 A.2d 540, 542. The Law Court has noted that summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. Despite this, "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id. ¶ 9. Moreover, "[t]o avoid judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action." Champagne v. Mid-Maine Med. Ctr., 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

The Defendant contends that the Plaintiff has not demonstrated that it breached the appropriate standard of care owed by a general contractor. Additionally, Defendant argues that the Plaintiff has failed to show that any alleged breach by the Defendant was the proximate cause of the Plaintiff's damages. "The breach and proximate cause issues are questions of fact." Welch v. McCarthy, 677 A.2d 1066, 1069 (Me. 1996) (citing Greenstreet v. Brown, 623 A.2d 1270, 1272 (Me. 1993); Seiders v. Testa, 464 A.2d 933, 935

(Me. 1983)). "To prevail in a negligence action, the plaintiff has the burden of proving that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the plaintiff suffered an injury as a result of that breach." McPherson v. McPherson, 1998 ME 141, ¶ 8, 712 A.2d 1043, 1045. Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence. See Shaw v. Bolduc, 658 A.2d 229, 235-36 (Me. 1995); Wing v. Morse, 300 A.2d 491, 495-96 (Me. 1973). The Law Court has held that the mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment. See Corey v. Norman, Hanson & DeTroy, 1999 ME 196, ¶ 14, 742 A.2d 933, 940; Houde v. Millett, 2001 ME 183, ¶ 11 (The Law Court held that it was possible that the tenant slipped on soot, but that this was insufficient to support a finding to that effect); Cyr v. Adamar Associates Limited Partnership, 2000 ME 110, ¶ 8 (The Law Court held that although it would not be unreasonable to assume that the murderer had abducted the woman from the hotel, it was also possible that the woman left voluntarily with the murderer).

In the case at bar, the dispute centers on whether the Defendant breached its duty of care and whether this breach was the proximate cause of the damages sustained by the Plaintiff. First, the plaintiff must establish that the breach of the duty of care caused the plaintiff's damage. The Law Court has considered the issue of when expert testimony is required, but only in the context of medical and legal malpractice cases. See Jim Mitchell and Jed Davis, P.A. v. Jackson, 627 A.2d 1014, 1016 (Me. 1993); Downer

v. Veilleux, 322 A.2d 82, 87 (Me. 1974). In most cases, the plaintiff must show by expert testimony that the practice followed by the defendant was something other than that which the average and reasonably skilled professional would have followed. Jackson, 627 A.2d at 1017. However, there is an exception to the general rule. "Where the negligence and harmful results are sufficiently obvious as to lie within common knowledge . . . a verdict may be supported without expert testimony." Id. (quoting Cyr v. Giesen, 150 Me. 248, 108 A.2d 316, 318 (1954)). In this case, the Plaintiff has failed to present any expert testimony to establish that the general contractor's actions in this case breached any standard of care. Although, Plaintiff argues that the common knowledge exception applies to this proceeding, this court disagrees. Viewing the totality of the circumstances, this court concludes that the alleged negligence of Defendant is not sufficiently obvious to be within common knowledge.

Next, even if this court found that the common knowledge exception applies in this case, it is necessary for the Plaintiff to also establish that this breach of the standard of care caused his injury. Here, the Plaintiff cites to several instances where moisture entered the house during construction. Additionally, Plaintiff presents two expert witnesses to establish that this moisture that entered the home during construction caused his injury. First, Mr. Alexander Hutcheon, cites that the cause of the cracking of the tile was due to shrinkage caused by moisture that had been existent in the subfloor. Contrary to this, however, Mr. Rob Romano, cites that he visually inspected the floor prior to installing the tile, and found no evidence of either shrinkage or moisture. Furthermore, the Plaintiff has failed to offer competent evidence that the excessive moisture that entered the home during construction was the moisture that caused the cracking in the tiles some six months later. Although this could be the case, without a definitive showing that the Defendant's negligence caused the moisture in the subfloor,

the factfinder would be compelled to speculate as to proximate causation, and at a trial the Defendant would be entitled to a judgment as a matter of law. See Webb v. Haas, 1999 ME 74, ¶ 20, 728 A.2d 1261, 1267. Hence, this court finds that summary judgment is appropriate in this case.

WHEREFORE, this court **GRANTS** Defendant's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

Dated: December _12_, 2003

Roland A. Cole
Justice, Superior Court

F COURTS
nd County
ox 287
e 04112-0287

DAVID HIRSHON ESQ
PO BOX 15060
PORTLAND ME 04112

x 287
e 04112-0287

DAVID VERY ESQ
PO BOX 4600
PORTLAND ME 04112

LAURENCE LEAVITT ESQ
PO BOX 4726
PORTLAND ME 04112