IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2004 Session

## WILLIAM EUGENE JESSUP v. MARCIA J. TAGUE

**Direct Appeal from the Chancery Court for Hamilton County, Part II**
**No. 98-0484     Hon. Howell N. Peoples, Chancellor**

**No. E2002-02058-COA-R3-CV - FILED NOVEMBER 29, 2004**

In this dispute between attorney and client, a jury awarded the client damages against the attorney which award was approved by the Trial Court.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Arthur P. Brock and Neil A. Brunetz, Chattanooga, Tennessee, for Appellant.

Lisa Z. Espy, Chattanooga, Tennessee, and
H. Edward Marks, Jr., Loganville, Georgia, for Appellee.

**OPINION**

This case began with the filing of a Complaint by attorney William Jessup, seeking payment of attorney's fees from a former client, Marcia Tague.  Jessup alleged that Tague employed him in March of 1996, to collect alimony from her former husband, John Tague, Jr., that he filed a Petition on her behalf seeking recovery of alimony arrearages of $57,600.00, and as a result, the Court found  in Ms. Tague's favor, granting her a judgment of $57,400.00.  He further alleged that he had a fee agreement with Ms. Tague, which he exhibited to the Complaint, and that he had sent his client billing statements detailing his work on the case.  He averred that Ms. Tague owed him $33,608.00 in attorney's fees, plus prejudgment interest at a rate of 10%.

Ms. Tague filed an Answer and Counterclaim, alleging the Court lacked jurisdiction over her, and over the subject matter of the claim, and that the fee agreement was unenforceable for various reasons and that Jessup had materially breached the Agreement.

Tague counterclaimed against Jessup, alleging that she hired Jessup for the purpose of collecting alimony owed by her ex-husband under a Georgia divorce decree, and that Jessup was aware of her limited financial resources, and promised to devote his best efforts to her case, and not to charge her an unreasonable or excessive fee. She alleged that Jessup failed to use his skill and diligence as expected by abandoning and neglecting the case, by charging her for time he did not actually spend on the case, and by charging her an unreasonable and excessive fee, and that she had suffered damages as a result of Jessup's conduct. She alleged that Jessup advised her the Court would order her ex-husband to pay her attorney's fees, but the Court only awarded her fees in the amount of $12,500.00, and Jessup never challenged the amount of the award. Further that Jessup had hired an attorney to collect the award of $12,500.00 against her ex-husband, without her consent, and failed to notify her that he had received the funds.

The case was tried before a jury and before the case was submitted to the jury, the Trial Court directed a verdict for Jessup on the issue of punitive damages because there was no clear and convincing evidence of willful or wrongful intent. The jury then returned a verdict for Ms. Tague, finding that the Contract between Jessup and Tague was unenforceable, and that Jessup performed services for Ms. Tague but that the total fee was unreasonable and clearly excessive and that Jessup should be awarded no fee. The jury further found that Jessup failed to use his skill, prudence, and diligence reasonably expected of an attorney or that he breached his fiduciary duties owed to Ms. Tague. The jury awarded Ms. Tague $74,200.00 in damages.[1]

Subsequent to the entry of the Judgment on the jury verdict, Jessup filed a Motion for Judgment notwithstanding the verdict and for a new trial and remittitur.

The Court held a hearing on the motion, and found the fee was clearly excessive and that Jessup breached his duty to Ms. Tague, and that there was sufficient evidence in the record of his failures. The Court stated the damages awarded by the jury were within the range of reasonableness based on the proof, and concurred in the verdict. The Motion was denied.

Jessup has appealed, raising these issues:

1.      Whether the Trial Court erred in admitting certain evidence of damages

---

[1]Ms. Tague testified regarding her damages, which she explained as the $9,500.00 she had paid Jessup, plus the loss of future alimony, loss of additional arrearage not awarded ($27,000.00), loss of arrearage accrued during time case was pending ($17,000.00) and interest of $24,000.00.

Ms. Tague testified that Jessup never told her he was collecting the fee award from her ex, and did not consult with her about doing so.

when the defendant failed to show that those damages were proximately caused by Jessup?

    2.       Whether the Trial Court erred in failing to instruct the jury regarding collectibility and solvency of Ms. Tague's ex-husband?

Appellee raised the issue of whether the Trial Court erred by directing a verdict against Ms. Tague on the issue of Jessup's liability for punitive damages?

Pursuant to Tenn. R. App. P. 13(d), findings of fact by a jury in civil actions will be set aside only if there is no material evidence to support the verdict. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694 (Tenn. Ct. App. 1999).

When a trial court approves a jury verdict, we will only review the record to determine whether it contains material evidence to support the jury's verdict. We do not reweigh the evidence and consider where the preponderance lies, but if there is material evidence to support the verdict, the judgment must be affirmed. *Id.*

Jessup asserts the Court should not have allowed evidence of damages which Jessup claims an appeal would have cured, relying on Florida case law. Jessup admits that a finding of malpractice requires four elements be proven:

    1)      the attorney owed a duty to the client,

    2)      the attorney breached that duty,

    3)      the client suffered damage, and

    4)      that the breach proximately caused the damage.

*See Horton v. Hughes*, 971 S.W.2d 957 (Tenn. Ct. App. 1998).

Jessup insists that the failure to appeal the Trial Court's decision was the proximate cause of Ms. Tague's damages, and not his actions or failures as her attorney.

Proximate cause has been explained as "the nexus between the negligence and the injury". *Stricklan v. Koella*, 546 S.W.2d 810, 813 (Tenn. Ct. App. 1976). The causation issue is one for the jury to determine, and "this Court has noted that a jury may infer a causal connection through the use of circumstantial evidence, expert testimony or both." *Hamblen v. Davidson*, 50 S.W.3d 433, 440 (Tenn. Ct. App. 2000).

In this case, the jury found that Jessup breached his duty to Ms. Tague, and that the breach was the proximate cause of her injury. The record shows there was material evidence to

support the jury's verdict. Ms. Tague and another witness testified in great detail regarding the errors that Jessup made in the handling of the case, and Jessup admitted to certain errors regarding his billing practices, his use of pleadings, and his misunderstanding of the Rules of Civil Procedure.

The issue of Ms. Tague's decision to forego an appeal was brought before the jury by Jessup's counsel. Both Jessup and Tague testified that he refused to handle her appeal unless she paid him $33,000.00 immediately. Tague testified she was unable to comply with Jessup's monetary demands, and was further unable to hire another attorney to represent her, and thus she had to forego her appeal. McWilliams testifying as an expert, said that Jessup's presentation of Ms. Tague's case at trial was so lacking that there would be no way for anyone to get relief for her on appeal, because the record was simply insufficient. Given this proof, there is material evidence to support the jury's finding regarding proximate causation.

Next, Jessup argues that the Trial Court erred in its instruction to the jury, because it failed to instruct the jury that Ms. Tague had to show that the underlying judgment against Mr. Tague was collectible and that he was solvent in order to prove malpractice by Jessup. Jessup relies on the case of *Commercial Truck and Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765 (Tenn. 1979), but our review of that case and its predecessor shows this reliance is misplaced. In *Commercial*, the Supreme Court simply said that the malpractice "plaintiff is required to prove that recovery could have been made in the original action which the attorney was employed to prosecute." *Id.* Thus, the plaintiff must show that the claim was viable and could have succeeded, not that the resulting judgment would ultimately be collectible in full.

The Court in *Commercial* relied upon the prior case of *Gay & Taylor, Inc. v. American Cas. Co. of Reading, Pa.*, 381 S.W.2d 304, 306 (Tenn. Ct. App. 1963), wherein it was said:

> The burden of proving that damages resulted from the negligence of an attorney, or from his failure to follow instructions, in connection with the prosecution or defense of a suit rests upon the client and usually requires the client to demonstrate that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question. 7 Am.Jur., Attorneys at Law, Sec. 188, p. 156; Anno. 45 A.L.R.2d 21.

These cases do not require a showing that the judgment be collectible, rather, what is required is just that it be shown that the judgment was obtainable.[2]

Moreover, Jessup failed to raise this issue at the trial court level, and failed to request an instruction regarding same. It is well-settled that an issue not raised at trial cannot be raised for

---

[2] Jessup relies on *Sidney v. Clement*, 257 F. Supp. 63 (E.D. Tenn. 1966), for the position that the judgment must be shown to be collectible. *Sidney* is federal precedent, which is not binding on this Court.

the first time on appeal. *Hill v. Moncier*, 122 S.W.3d 787 (Tenn. Ct. App. 2003). *Also see, Bowers v. Thompson*, 688 S.W.2d 827 (Tenn. Ct. App. 1984). This issue is without merit.

Finally, Ms. Tague argues the Trial Court erred by removing the issue of punitive damages from the jury. Punitive damages may be awarded in legal malpractice cases, "provided the culpable conduct . . . i.e. intentional, fraudulent, malicious, or reckless, is proven by clear and convincing evidence." *Metcalfe v. Waters*, 970 S.W.2d 448 (Tenn. 1998).

The Trial Court found there was no clear and convincing evidence of culpable conduct requiring the issue to be submitted to the jury. In *Metcalfe*, the Supreme Court found the attorney accused of malpractice had made "repeated transgressions" which showed "callous disregard for the rights of his clients", and that there was "overwhelming evidence from which the jury could find, at a minimum, reckless conduct, that is, conduct constituting a gross deviation from the applicable standard of care." *Id.* While there is material evidence to support the jury's finding that "Jessup failed to use the skill, prudence and diligence reasonably expected of an attorney, or that he breached his fiduciary duties which he owed to Ms. Tague", his conduct was not as flagrant as the attorney sued in *Metcalfe*, and we concur with the Trial Court's finding that the proof was not clear and convincing that his transgressions showed a "callous disregard for the rights of his client". We find the issue to be without merit.

We affirm the Judgment of the Trial Court on all issues and remand, with the cost of the appeal assessed to William Eugene Jessup.

_____
HERSCHEL PICKENS FRANKS, P.J.