UNITED STATES of America,
Plaintiff–Appellee,

v.

ONE TRACT OF REAL PROPERTY WITH BUILDINGS, APPURTE-NANCES AND IMPROVEMENTS, LOCATED AT U.S. HIGHWAY 411 SOUTH, LOUDON, LOUDON COUNTY, TENNESSEE, Known as "Char House" and Allegedly Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances, and Improvements, Located at U.S. Highway 411 South, Maryville, Blount County, Tennessee, Known as "Town and Country Shopping Center" and "Play and Play Amusement" and Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances, and Improvements, Located at 3017 U.S. Highway 411 South, Blount County, Tennessee, Known as "411 Grill" and Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances and Improvements, Located at 3017 U.S. Highway 411 South, Maryville, Blount County, Tennessee, Known as "Coopers Simple Simon Restaurant" and Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances and Improvements, Located at U.S. Highway 411 South, Madisonville, Monroe County, Tennessee, Known as "Woods Truck Stop" and Allegedly Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances and Improvements, Located at 2712 Wright Road, Alcoa, Blount County, Tennessee. 37701, Known as "Dick's Varsity Restaurant and Arcade" and Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances and Improvements, Located at U.S. Highway 411 South, Madisonville, Monroe County, Tennessee, Known as "Sourthfork Restaurant" and Owned by David Tex Hill; One Tract of Real Property With Buildings, Appurtenances and Improvements, Located at 1703 East Broadway, Maryville, Blount County, Tennessee, and Allegedly Owned by David Tex Hill; Defendants,

David T. HILL, Claimant—Appellant.

No. 02–5729.

United States Court of Appeals,
Sixth Circuit.

April 3, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

*ORDER*

David T. Hill, proceeding pro se, appeals several district court orders denying his motions for relief from the court's orders of forfeiture in favor of the United States

in suits filed by the United States pursuant to 18 U.S.C. § 1955(d). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 29, 1994, the United States ("government") filed complaints for forfeiture in rem against several properties in which Hill possessed an ownership interest. The complaints alleged that five properties known as the "Char House," the "411 Grill." "Woods Truck Stop." "Dick's Varsity Restaurant and Arcade," and the "Southfork Restaurant" were used to commit and to facilitate illegal gambling. The civil forfeiture complaint followed Hill's criminal convictions for various money laundering and illegal gambling offenses.

Both the government and Hill filed motions for summary judgment. On February 28, 2001, the district court granted the government's motions, denied Hill's motions, and ordered the properties forfeited to the government. The district court subsequently denied Hill's motion "for leave to respond and answer out-of-time to summary judgment and/or default judgment." On appeal, this court affirmed the district court's orders of forfeiture and subsequently denied Hill's petition for rehearing.

On April 9, 2002, Hill filed motions "for return of property pursuant to Fed. R.Crim.P. 41(e) and relief under F.R.C.P. 60(b)." The district court denied Hill's motions on May 9, 2002. Hill has filed a timely appeal. The government has filed a motion for sanctions pursuant to Fed. R.App. P. 38, to which Hill has responded. Hill has filed a motion to remand to the district court for further proceedings. The government filed a response to the motion to remand and Hill filed a reply to the government's response.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment disposing of the complaint. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir. 1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court did not abuse its discretion when it denied Hill's post-judgment motion for relief from judgment under Fed. R.Civ.P. 60(b)(4). Hill's post-judgment motion is essentially an attempt to belatedly assert an affirmative defense to the government's forfeiture complaints. As an affirmative defense, however, the statute of limitations has been waived due to Hill's failure to assert it during the prior proceedings. *See* Fed.R.Civ.P. 8(c); *Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988). Hill's post-judgment motion is also an attempt to challenge the underlying order of forfeiture. However, Hill may not challenge the district court's order pursuant to Fed.R.Civ.P. 60(b), as Fed.R.Civ.P. 60(b) may not be used as a vehicle to challenge the underlying order disposing of the complaint. *See Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. 556; *Hood,* 59 F.3d at 42.

The district court's denial of Hill's motion for relief is affirmed and Hill's motion to remand this case to the district court for

further proceedings is denied. The government's motion for sanctions is denied.