IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 20, 2003

**DAVID T. HILL v. HERBERT S. MONCIER, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 1-514-02     Dale C. Workman, Judge**

**FILED JUNE 30, 2003**

**No. E2003-00075-COA-R3-CV**

David T. Hill sued Herbert S. Moncier and David S. Wigler ("the Attorneys"), both of whom are attorneys engaged in the practice of law in Knoxville, alleging legal malpractice. According to Hill, the Attorneys represented him in federal court in connection with "criminal charges and criminal and civil forfeitures." He was convicted of conspiracy, conducting an illegal gambling operation, and money laundering, fined $25,000, and received concurrent sentences of 57 months. Forfeiture of property was ordered by the district court. In the instant case, Hill seeks to recover damages allegedly caused by the Attorneys' malpractice. The Attorneys moved for dismissal on two grounds, *i.e.*, (1) the failure of Hill to obtain post-conviction relief, and (2) the bar of the statute of limitations. The trial court dismissed the complaint without reciting its basis for doing so. Hill appeals. We affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part and Reversed in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

David T. Hill, Manchester, Kentucky, Pro Se.

Ursula Bailey, Knoxville, Tennessee, for the appellees, Herbert S. Moncier and David S. Wigler.

**OPINION**

I.

At the conclusion of a jury trial in July, 1997, Hill was convicted in federal district court of conspiracy and conducting an illegal gambling operation, in violation of 18 U.S.C.A. § 1955 (West, WESTLAW through P.L. 108-35, approved June 23, 2003), and money laundering, in violation of 18 U.S.C.A. § 1956(a)(1)(A) & (B) (West, WESTLAW through P.L. 108-35, approved June 23,

2003). The Sixth Circuit Court of Appeals affirmed Hill's convictions, and his petition for Writ of Certiorari to the United States Supreme Court was denied.

In June, 2000, Hill filed a motion in federal district court seeking to vacate or set aside that court's judgment on the jury's verdict, contending, among other things, that he was "denied effective assistance of counsel at trial." The district court denied Hill's motion on February 20, 2003. The record before us reflects that Hill appealed the denial to the Sixth Circuit; it does not reflect the disposition of that appeal.

In separate civil proceedings, the United States sued Hill for forfeiture of certain specified real property owned by Hill that was allegedly used in his illegal gambling business, under the authority of 18 U.S.C.A. § 1955(d). On cross-motions for summary judgment, the federal district court granted the government's motion and ordered that Hill's properties be forfeited to the government. The Sixth Circuit affirmed the district court's order and denied Hill's petition to rehear. On April 9, 2002, Hill filed a motion in the district court, requesting, *inter alia*, relief under Fed. R. Civ. P. 60(b) with respect to the civil forfeiture cases. This motion was denied by the district court one month later. On appeal to the Sixth Circuit, that court held, in part, as follows:

> Upon review, we conclude that the district court did not abuse its discretion when it denied Hill's post-judgment motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Hill's post-judgment motion is essentially an attempt to belatedly assert an affirmative defense to the government's forfeiture complaints. As an affirmative defense, however, the statute of limitations has been waived due to Hill's failure to assert it during the prior proceedings.

*United States v. One Tract of Real Prop.*, 60 Fed. Appx. 599, 600 (6th Cir. 2003) (citations omitted).

II.

On August 30, 2002, Hill filed his legal malpractice complaint against the Attorneys. Of the four counts in the complaint, the first three pertain to the Attorneys' representation of Hill in the criminal case. Hill contends (1) that the Attorneys failed to inform the district court that the government did not prove the requisite number of persons to convict Hill under 18 U.S.C.A. § 1955, an element of which is that the illegal gambling operation must involve five or more persons; (2) that without a conviction under § 1955, the money laundering conviction would have been dismissed for failure to prove that the money was derived from an unlawful act; and (3) that the Attorneys failed to inform the court that the indictment for money laundering did not include an essential element of the crime – an effect on interstate commerce – that would have necessitated the dismissal of the charge.

The fourth count of Hill's complaint addresses the civil forfeiture actions filed by the government against him. In this count, Hill alleges that the Attorneys failed to properly research the issue of the statute of limitations as a bar to the government's civil forfeiture claims; failed to file a response to these actions; and permitted summary judgment to be entered in favor of the government. Liberally construing this allegation in Hill's favor – as we are required to do in this summary judgment analysis – we treat this charge of malpractice as including the claim that the Attorneys failed to raise the defense of the statute of limitations to the government's civil suits.

On October 14, 2002, the Attorneys filed a motion to dismiss Hill's complaint on two grounds. First, the Attorneys asserted that, pursuant to **Gibson v. Trant**, 58 S.W.3d 103, 116 (Tenn. 2001), "a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice claim against his defense lawyer." **Id.** They argue that because Hill has not obtained post-conviction relief, his legal malpractice claim must be dismissed. Second, the Attorneys contend that Hill's action for malpractice was filed outside of the one-year statute of limitations found at Tenn. Code Ann. § 28-3-104(a)(2) (2000).

The trial court granted the Attorneys' motion to dismiss on December 16, 2002. The propriety of the trial court's dismissal is now before us on this appeal.

III.

The trial court decided this case based upon the pleadings and other materials in the record. The trial court concluded that the record before it justified a grant of summary judgment on the Attorneys' motion to dismiss. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden of proof is on the moving party to show that it has met these requirements. **Carvell v. Bottoms**, 900 S.W.2d 23, 26 (Tenn. 1995).

In deciding this case, we "must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." **Carvell**, 900 S.W.2d at 26 (citing **Byrd v. Hall**, 847 S.W.2d 208, 210 (Tenn. 1993)). Summary judgment should be granted "when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion." **Carvell**, 900 S.W.2d at 26 (citation omitted). Since a motion for summary judgment presents a pure question of law, our review is *de novo* with no presumption of correctness as to the trial court's judgment. **Id.**; **Gonzales v. Alman Constr. Co.**, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993).

IV.

In a legal malpractice case, a plaintiff is required to "prove that the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction . . . [and] demonstrate a nexus between the negligence

and the injury." ***Sanjines v. Ortwein & Assocs., P.C.***, 984 S.W.2d 907, 910 (Tenn. 1998) (citations omitted). Under Tenn. Code Ann. § 28-3-104(a)(2), a plaintiff has a period of one year within which to file a claim for legal malpractice.

The discovery rule for legal malpractice means that a cause of action accrues when (1) the client suffers an actual or legally cognizable injury, and (2) the client knows, or in the exercise of reasonable diligence should know, that the injury was caused by the attorney's negligence. ***Carvell***, 900 S.W.2d at 28-30. With respect to the second requirement of this rule, it is not necessary that the plaintiff "actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action'; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." ***Id.*** at 29 (quoting ***Roe v. Jefferson***, 875 S.W.2d 653, 657 (Tenn. 1994)). "A plaintiff cannot be permitted to wait until he knows all of the injurious effects or consequences of an actionable wrong." ***Carvell***, 900 S.W.2d at 27 (quoting ***Sec. Bank & Trust Co. v. Fabricating, Inc.***, 673 S.W.2d 860, 864-65 (Tenn. 1983)).

V.

On June 21, 2000, Hill filed his motion in district court seeking to vacate or set aside the judgment in his criminal case due to *ineffective assistance of counsel*. Over two years later, on August 30, 2002, Hill filed his complaint for malpractice. The Attorneys argue that his legal malpractice complaint was clearly filed outside the one-year statute of limitations and is therefore barred. In response, Hill contends that he did not discover all of his claims against the Attorneys until sometime in 2002.

Hill argues that the allegations of ineffective assistance of counsel contained in his motion to vacate in district court were not the same as the allegations of malpractice contained in his complaint filed in the instant action. Hill's motion to vacate is premised upon four grounds, only the first of which is relevant to this case. In its memorandum opinion denying Hill's motion, the district court interpreted this first ground as follows:

> [Hill] claims two instances of ineffective assistance of counsel: (1) [the Attorneys] advised him not to testify and thus failed to present a defense, although [the Attorneys] knew [Hill] wanted to tell the jury he never gambled, never instructed the machine operators to make payoffs, and never personally paid off; and (2) [the Attorneys] failed to make an offer of proof and thus preserve for appeal evidence, excluded by the trial court, that [Hill] believed his gambling business was a lawful enterprise.

With regard to the alleged malpractice in the criminal case, we agree with the Attorneys that *at least* by June 21, 2000, the date of filing of the motion to vacate, Hill was "aware of facts sufficient to put a reasonable person on notice that he ha[d] suffered an injury as a result of wrongful

-4-

conduct." ***Roe***, 875 S.W.2d at 657.  As the Tennessee Supreme Court has held, it is not necessary that Hill know the full extent "of the injurious effects or consequences of an actionable wrong," ***Carvell***, 900 S.W.2d at 27,  in order to file suit against the Attorneys.  Hill did not file his complaint for malpractice in the criminal case within one year of June 21, 2000, and therefore, his claim pertaining to his federal criminal case is barred by the one-year statute of limitations.

Because we find that Hill's claim with respect to the criminal matter is barred by the statute of limitations, we do not find it necessary to address Hill's failure to obtain post-conviction relief. Nevertheless, we note in passing that the record before us does not reflect that the post-conviction relief action has been finally decided.  *See **Gibson***, 58 S.W.3d at 117.

VI.

In addition to alleging malpractice in the federal criminal case, Hill asserts that the Attorneys committed malpractice in the government's civil forfeiture actions against him in that they did not properly research and raise the alleged failure of the government to bring the aforementioned forfeiture actions within five years of its discovery of Hill's illegal activities, pursuant to 19 U.S.C.A. § 1621 (West, WESTLAW through P.L. 108-35, approved June 23, 2003).  The Attorneys do not seem to contest that this is the appropriate statute of limitations.

The defenses asserted by the Attorneys in their motion to dismiss are only relevant to the allegations of the legal malpractice claim that pertain to the *criminal* case.  Hill's failure to obtain post-conviction relief with respect to the *criminal* case and the impact on the issue of when Hill discovered his malpractice claim arising out of his allegations of ineffective assistance of counsel in his motion to vacate his *criminal* conviction have absolutely nothing to do with the *civil* forfeiture cases.  Since the motion to dismiss and the issues raised by it do not address Hill's allegations of malpractice in the *civil* case, the trial court erred in granting summary judgment with respect to the fourth count of the malpractice complaint.

In their *brief*, the Attorneys attempt to rely on a number of new bases in the record to establish that Hill's claim of malpractice in the civil forfeiture actions is barred.  As the central part of this argument, the Attorneys contend that the record before us reflects that the civil forfeiture suits[1] were all timely filed.  Hence, so the argument goes, there was no legitimate basis upon which the Attorneys could have asserted a statute of limitations defense.  This being the case, the Attorneys contend that the record reflects that they cannot be cast in judgment for malpractice based on their failure to interpose a defense to the civil forfeiture suits that would have been utterly devoid of any merit.  The problem with this defense to the claim of malpractice in the civil forfeiture cases is simply this – the record before us does not reflect that it was ever raised below.  As previously stated, the only defenses raised in the motion to dismiss – the motion which prompted the dismissal of Hill's entire claim – were Hill's failure to obtain post-conviction relief and the fact that Hill's

---

[1]Apparently, the government filed 13 separate civil forfeiture complaints.

complaint was not timely filed based upon his knowledge as indicated by his motion to vacate or set aside his criminal conviction. The brief raises *new* matters – matters that were not raised in the trial court according to the record before us. "It is well-settled that issues not raised at trial may not be raised for the first time on appeal." **State Dept. of Human Servs. v. Defriece**, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) (citation omitted). It results that the claim of legal malpractice in the civil forfeiture cases must proceed.

VII.

The judgment of the trial court is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings, consistent with this opinion. Costs on appeal are taxed equally to the appellant, David T. Hill, and the appellees, Herbert S. Moncier and David S. Wigler.

_____
CHARLES D. SUSANO, JR., JUDGE