UNITED STATES of America,
Plaintiff–Appellee,

v.

ONE TRACT OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS, LOCATED AT U.S. HIGHWAY 411 SOUTH, LOUDON, LOUDON COUNTY, TENNESSEE, Known as "Char House" and Allegedly Owned by David Tex Hill, et al., Defendants,

Debra A. Hamilton, Claimant,

David T. HILL, Claimant–Appellant.

Nos. 03–5991, 03–6000.

United States Court of Appeals,
Sixth Circuit.

June 16, 2004.

Matthew T. Morris, Asst. U.S. Attorney, F. M. Hamilton, III, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

David T. Hill, Knoxville, TN, pro se.

Before GILMAN and COOK, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

David T. Hill, proceeding pro se, appeals two district court orders denying his motions for relief from the court's orders of forfeiture in favor of the United States in suits filed by the United States pursuant to 18 U.S.C. § 1955(d). These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 29, 1994, the United States (government) filed complaints for forfeiture in rem against nine properties in which Hill possessed an ownership inter-

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

est. The complaints alleged that the properties were used to commit and to facilitate illegal gambling. The civil forfeiture complaints followed Hill's criminal convictions for various money laundering and illegal gambling offenses.

On February 28 and March 22, 2001, the district court granted the government's motions for summary judgment, denied Hill's motions for summary judgment, and ordered the properties forfeited to the government. This court affirmed the district court's orders of forfeiture on December 12, 2001, and February 1, 2002. Hill subsequently filed post-judgment motions "for return of property pursuant to Fed. R.Crim.P. 41(e) and relief under F.R.C.P. 60(b)," which the district court denied on May 9, 2002. This court affirmed the district court's denial of post-judgment relief on April 3, 2003, and denied Hill's petition for rehearing en banc on June 25, 2003.

In the meantime, on April 18, 2002, Hill filed post-judgment motions "for the return of property forfeited in violation of the constitution pursuant to Fed. Rule Criminal Procedure 41(e)." The district court denied Hill's motions on July 15, 2003. Hill has filed timely appeals in two of the cases, which have been docketed in this court as case numbers 03–5991 and 03–6000. Both cases have been consolidated.

A post-judgment motion that is not filed within ten days of entry of the judgment cannot be considered a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), but should be construed as a Fed.R.Civ.P. 60(b) motion for relief from judgment. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n. 3 (5th Cir.1991). Because Hill did not file his post-judgment motions within ten days of the district court's February 28 and March 22, 2001, orders, we construe his motions as Fed.R.Civ.P. 60(b) motions.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001); *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Jinks*, 250 F.3d at 385. Rather, our inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court properly denied Hill's post-judgment motions for return of property because the arguments raised in his motions are barred by the law of the case doctrine. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir.1998). The law of the case doctrine precludes reconsideration of issues that have been, either explicitly or by necessary implication, affirmatively decided during a prior appeal. *Coal Resources, Inc. v. Gulf & W. Indus.*, 865 F.2d 761, 766–67 (6th Cir.1989).

In his prior appeal from the district court's denial of his first post-judgment motions for return of property, Hill argued, just as he did in his second motions for return of property, that the civil forfeiture complaints filed by the government were untimely. This court considered and rejected Hill's argument, finding that Hill's post-judgment motions represented a belated attempt to assert an affirmative defense to the forfeiture complaints as well

as an improper attempt to challenge the underlying orders of forfeiture. *Hill v. One Tract of Real Prop.*, 60 Fed.Appx. 599, 600 (6th Cir.2003). This decision provides the law of this case as to Hill's statute of limitations arguments and may not be reexamined. *See Bowling*, 132 F.3d at 1150, *Coal Resources, Inc.*, 865 F.2d at 766–67. Although reconsideration of the law of the case may occur when "the evidence in a subsequent trial was substantially different; controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice," *Coal Resources, Inc.*, 865 F.2d at 767, none of these circumstances is applicable in this case.

Accordingly, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.