IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2006 Session

## PATRICIA ROUNDS v. KATHLEEN L. CALDWELL

**Appeal from the Circuit Court for Shelby County**
**No. CT-002143-04     Kay S. Robilio, Judge**

**No. W2005-01139-COA-R3-CV - Filed May 15, 2006**

This is an action for damages for alleged legal malpractice in the handling of a lawsuit in a federal district court. This case was dismissed on motion for summary judgment because the cause of action accrued more than one year before suit was filed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SP.J., delivered the opinion of the court, in which ALAN E. HIGHERS and DAVID R. FARMER, J.J., joined.

Patricia Rounds, *Pro se.*

Samuel J. Muldavin, Memphis, Tennessee, attorney for appellee, Kathleen L. Caldwell.

**OPINION**

This complaint was filed April 14, 2004, alleging that the Plaintiff employed the Defendant to represent her in a federal court action which the attorney wrongfully settled for an unreasonable amount without the Plaintiff's consent. The Plaintiff became aware of this conduct no later than June 20, 2001, the date on which she filed a complaint with the Board of Professional Responsibility alleging the same conduct as alleged in this action. These facts are not disputed.

Tennessee Code Annotated section 28-3-104(a)(2) provides that suits against attorneys for malpractice shall be commenced within one year after the cause of action has accrued. An action for damages for legal malpractice accrues when the client (here, the Plaintiff) suffers a legally cognizable injury resulting from an attorney's negligence or wrongful conduct, known to the client or should have been known. *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000). The Plaintiff was admittedly aware of the purported malpractice of the Defendant nearly three years before she filed this suit.

She argues that the Defendant somehow concealed her wrongful conduct which the Plaintiff did not discover until the procedures with the Board of Professional Responsibility had been concluded, thereby tolling the running of the statute of limitations for a time sufficient to validate the filing of this action. But, the complaint filed with the Board essentially alleged the same wrongful acts of the Defendant as alleged in this action, which concludes the issue as a matter of law. *See, Hill v. Moncier*, 122 S.W.3d 787 (Tenn. Ct. App. 2003); *Swett v. Binkley*, 104 S.W.3d 64 (Tenn. Ct. App. 2002).

The judgment is affirmed with costs assessed to the Appellant.

_____
WILLIAM H. INMAN, SPECIAL JUDGE