# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 16, 2011 Session

## ALFIE TUCKER v. TABITHA FINCH

**Appeal from the Circuit Court for Hamilton County**
**No. 09C515     Jacqueline S. Bolton, Judge**

_____

**No. E2010-01704-COA-R3-CV-FILED-AUGUST 30, 2011**

_____

In this legal malpractice case, Alfie Tucker filed suit against his attorney, Tabitha Finch, alleging that she had negligently represented him in his lawsuit against his former employer by failing to timely file his claim with the Tennessee Claims Commission ("TCC"). Ms. Finch filed a motion to dismiss based upon lack of subject matter jurisdiction, asserting that the applicable statute of limitations had passed. The trial court granted Ms. Finch's motion and dismissed the case. Mr. Tucker appeals. We affirm the trial court's order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Alfie Tucker, Chattanooga, Tennessee, Pro Se.

Tabitha Finch, Chattanooga, Tennessee, Pro Se.

## OPINION

### I. BACKGROUND

Mr. Tucker's former employer, the Tennessee Department of Children's Services ("DCS"), placed him on administrative leave on December 7, 2006, and ultimately terminated him on February 23, 2007. Mr. Tucker hired Ms. Finch to represent him in separate cases for wrongful termination and slander against the DCS. The slander case involved alleged statements made by Mr. Tucker's team coordinator on state property and

during office hours. Ms. Finch negotiated a settlement for the wrongful termination case; however, the slander case was eventually dismissed by the TCC as time-barred.

Ms. Finch filed Mr. Tucker's slander case with the chancery court on February 2, 2007. In an order filed on March 20, 2007, the chancery court found that it did not have "subject matter jurisdiction over the slander and outrageous conduct claims because they [we]re tort claims based upon injury to the person." The chancery court transferred the case to the circuit court. In an order filed on July 25, 2007, the circuit court dismissed the case, concluding that "sovereign immunity bar[red his] claims and, if immunity ha[d] been waived as to such claims, they must go before the [TCC]."

Ms. Finch filed Mr. Tucker's claim with the TCC on September 14, 2007.[1] At some point after filing the claim with the TCC, Ms. Finch withdrew from her representation of Mr. Tucker. The State filed a motion for summary judgment, asserting that the statute of limitations had passed. Mr. Tucker responded by asserting that he should not be penalized for Ms. Finch's filing mistake because the claim was timely filed in the chancery court.

The TCC dismissed Mr. Tucker's case, holding that the six-month statute of limitations for bringing such claims had passed because the slander must have occurred on or before February 23, 2007. *See* Tenn. Code Ann. § 28-3-103 ("Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered."). The TCC, noting Mr. Tucker's response to the motion for summary judgment, stated that "[a]ny complaints Mr. Tucker has regarding decisions made and action taken by his previous counsel are not within the jurisdiction of the [TCC] and will not be considered here." While the order dismissing the case was entered on April 9, 2008, the order was not file-stamped and the certificate of service was not signed until April 15, 2008.

On April 15, 2009, Mr. Tucker initiated the lawsuit against Ms. Finch that is at issue in this case. He alleged in his petition that Ms. Finch had committed legal malpractice by failing to file his suit in the proper forum within the applicable statute of limitations. Ms. Finch filed a motion to dismiss in which she asserted that the court lacked subject matter jurisdiction to hear the case because the one-year statute of limitations applicable to legal malpractice actions had passed. Mr. Tucker and Ms. Finch filed other various motions and responses not pertinent to this appeal. The court ultimately granted Ms. Finch's motion to dismiss, holding that Mr. Tucker had failed to bring his cause of action within the applicable statute of limitations.

---

[1] Mr. Tucker asserts that he filed the claim. However, the order from the TCC reflects that the claim was most likely filed by Ms. Finch on behalf of Mr. Tucker.

## II. ISSUE

We consolidate and restate the issue raised by Mr. Tucker as follows:

Whether the trial court erred in finding that the statute of limitations had passed and that his cause of action was time-barred pursuant to Tennessee Code Annotated section 28-3-104(a)(2).

## III. STANDARD OF REVIEW

Appellate review of a trial court's dismissal of a case based on lack of subject matter jurisdiction is de novo with no presumption of correctness because we are reviewing the trial court's conclusions of law. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

## IV. DISCUSSION

Mr. Tucker contends that the trial court erred in dismissing his case because the statute of limitations had not yet passed. He relates that he relied on Ms. Finch's assurance that the TCC would consider his claim and that he did not have knowledge of her potential negligence until the TCC dismissed his claim on April 15, 2008. Ms. Finch responds that dismissal of the case was appropriate because Mr. Tucker failed to bring his cause of action within the applicable statute of limitations. Ms. Finch relates that he had "actual knowledge" of his potential injuries either when the chancery court transferred his case against his former employer to circuit court or when the circuit court dismissed the case for lack of subject matter jurisdiction.

Legal malpractice actions against attorneys must be "commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(2). The cause of action in such cases accrues pursuant to the discovery rule "when (1) the client suffers an actual or legally cognizable injury, and (2) the client knows, or in the exercise of reasonable diligence should know, that the injury was caused by the attorney's negligence." *Hill v. Moncier*, 122 S.W.3d 787, 790-91 (Tenn. Ct. App. 2003) (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 28 (Tenn. 1995)).

"An actual injury occurs when there is the loss of a legal right, remedy or interest, or the imposition of a liability." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). The injury "may also take the form of the plaintiff being forced to take some action or otherwise suffer 'some actual inconvenience,' such as incurring an expense, as a result of the defendant's negligent or wrongful act." *Id.* (citing *State v. McClellan*, 85

S.W. 267, 270 (1905)). The injury may occur before the plaintiff has "suffered all the injurious effects or consequences of the defendant's negligence." *Id.* at 533.

Relative to the knowledge requirement, "there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard." *Id.* "[T]he plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Carvell*, 900 S.W.2d at 29 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)). Additionally, the "plaintiff may not . . . delay filing suit until all the injurious effects and consequences of the alleged wrong are actually known to the plaintiff." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). In litigation, the most easily identifiable time when rights, interests, and liabilities become fixed is when a court enters judgment." *Cherry v. Williams*, 36 S.W.3d 78, 84 (Tenn. Ct. App. 2000).

Mr. Tucker's argument that he was not aware of his cause of action until the TCC order was filed is without merit. The TCC stated that Mr. Tucker responded to the State's motion for summary judgment by asserting that he should not be penalized for Ms. Finch's filing mistake. While the record before us does not reflect when the State's motion for summary judgment was filed, the TCC order was entered on April 9, 2008. Therefore, Mr. Tucker must have responded to the State's motion and been aware of Ms. Finch's negligence and his injury on or before April 9, 2008.

Moreover, Mr. Tucker suffered the first injury caused by Ms. Finch's negligence when his case was dismissed by the circuit court, not when the TCC dismissed his claim. Mr. Tucker was injured because he incurred the additional expense of filing a claim with the TCC in addition to the expenses he had already incurred while pursuing his case in the wrong forum. When the circuit court order was filed, Mr. Tucker knew or should have known that he had suffered an injury because of Ms. Finch's negligence. Indeed, the circuit court asserted in the order of dismissal that if sovereign immunity did not bar the claim, the claim should have been filed with the TCC, thereby notifying Mr. Tucker that Ms. Finch had been negligent.

Mr. Tucker asserts that he relied on the fact that they could still file the claim with the TCC; however, this fact did not negate his awareness of his first injury and resulting cause of action against Ms. Finch for filing the case in the wrong forum. While the passing of the statute of limitations for his claim was also a consequence of Ms. Finch's negligence, Mr. Tucker should have filed his suit against her within one year of July 25, 2007, the date on which the circuit court dismissed his case. Because Mr. Tucker filed his suit on April 15, 2009, his suit was untimely. Accordingly, the trial court did not err in dismissing the case.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Alfie Tucker.

_____
JOHN W. McCLARTY, JUDGE